## CIRCUIT COURT OF FAIRFAX COUNTY

Ghaffarian

    v.

Ghaffarian et al.

July 8, 1986

Case No. (Chancery) 92458

By JUDGE F. BRUCE BACH

This matter came before the court on Defendant's Motion to Dismiss Complainant's Amended Bill of Complaint. Complainant's Amended Bill of Complaint adds several new parties defendant and new allegations to the original divorce action. Defendants argue that Mehran Ghaffarian's mother, father, and sister are not necessary parties to this action, and that this Court does not have jurisdiction to grant the additional relief in the pending divorce suit.

Complainant alleges that prior to and at the time of the separation, Defendant Mehran Ghaffarian, without Complainant's knowledge or consent, transferred certain personal property to his mother, father, and/or sister. Complainant alleges that these transfers constitute marital property. It is not clear from the pleadings whether Complainant is seeking a rescission of the alleged transfer of marital property, or whether Complainant merely seeks an adjudication that the property is indeed marital property for purposes of a monetary award in equitable distribution.

If Complainant merely seeks to recover a personal judgment against Defendant Mehran Ghaffarian, the additional parties defendant are unnecessary parties and may be dismissed. However, if Complainant is asking this court to declare the alleged transaction void, the rights of the additional parties are in issue and these parties

must remain in the suit. Contrary to Defendants' assertion, this Court does indeed have jurisdiction to entertain such an action in a suit for divorce. A party may join as many separate claims as he has regardless of consistency and whether based on legal or equitable grounds, provided that the claims arise out of the same transaction or occurrence. S. Ct. Rule 1:4.

The Supreme Court of Virginia has considered a set of facts very similar to those alleged here in *Crowder v. Crowder and Others*, 125 Va. 80, 99 S.E. 746 (1919). In *Crowder*, the wife brought a suit for divorce on the ground of desertion and incidentally to set aside as fraudulent the sale of certain property made by the husband to his brothers. *Id*. The wife claimed that her husband transferred certain real estate and personal property to his brothers in fraud of her marital right to alimony. *Id*. The court held that the wife's right to alimony arose immediately upon her husband's desertion. *Id*. at 88. Thus, a subsequent transfer of the husband's property to another, if made with the intent to hinder, delay, or defraud the enforcement of such marital right, would be void. *Id*. The *Crowder* Court's analysis is especially compelling where, as here, the wife alleges a right to equitable distribution pursuant to Va. Code § 20-107.3 in addition to a right to alimony. Other courts have likewise acknowledged a wife's ability to recover property transferred to others with the intent to defeat marital rights as incident to her suit for divorce. *See, e.g., Smith v. Smith*, 110 W. Va. 82, 157 S.E. 37 (1931); 49 ALR2d 521.

Because it is not clear from the Amended Bill of Complaint what relief complainant seeks, it is the opinion of this court that the Motion to Dismiss must be granted, with leave to amend also granted.